UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LINNETTE HALL,**

    **Plaintiff,**

**v.**                                           Case No: 5:21-cv-193-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

This matter is before the Court on the motion of Plaintiff's counsel, Michael A. Steinberg, for authorization to charge a reasonable fee pursuant to 42 U.S.C. §406(b) in the amount of $5,611.04. (Doc. 31). In support of the motion, Attorney Steinberg has filed a signed fee agreement in which Plaintiff acknowledges a twenty-five percent fee award of past due benefits. (Doc. 31-1). Attorney Steinberg represents that the Commissioner has no objection to the requested fees.

### I. Background

On July 21, 2022, this Court reversed and remanded the case to the Social Security Administration for further proceedings. (Doc. 26). On October 2, 2022, the Court awarded attorney's fees to Mr. Culbertson under the Equal Access to Justice Act (EAJA) in the sum of $3,150.01, for time spent representing Plaintiff before this Court. (Doc. 29). Subsequently, on remand, Plaintiff was awarded past due benefits in the amount of $22,444.18. (Doc. 31-2). Pursuant to the fee agreement, the attorney fee payable to Attorney Steinberg is $5,611.04, which is twenty-five percent of the past due benefits.

## II.     Discussion

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment Aa reasonable fee ... not in excess of 25 percent of the ... past-due benefits awarded to the claimant. 42 U.S.C. §406(b)(1)(A). The fee is payable out of, and not in addition to, the amount of [the] past-due benefits. *Id.* As required by *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002), courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. When called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensate so that they continue to represent clients in disability benefits cases. *Gisbrecht,* 535 U.S. at 805. In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor. *Id*. at 808. In these instances, a downward reduction may be in order.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel –i.e., that counsel is receiving compensation he is not entitled to, and that payment of the compensation would be unfair or detrimental to Plaintiff. In this regard, Attorney Steinberg has submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive 25% of all past due benefits awarded on

appeal. (Doc. 31-1). Moreover, Attorney Steinberg submitted records showing that he spent at least 14.4 hours on this case in federal court. (Doc. 31-3).

Accordingly, for these reasons, and in the absence of any objection by the Commissioner, Attorney Steinberg's motion for authorization to charge a reasonable fee pursuant to 42 U.S.C. 406(b) (Doc. 31) is due to be **GRANTED.** Section 406(b) fees are approved for Attorney Steinberg in the sum of $5,611.04. Attorney Steinberg shall promptly pay to Plaintiff the previously awarded EAJA fee in the amount of $3,150.01.[1]

**DONE** and **ORDERED** in Ocala, Florida on November 22, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Normally, any award under Section 406(b) must be offset by the EAJA award. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (finding that fee awards may be made under both 42 U.S.C. § 406(b) and the EAJA but that the claimant's attorney must refund to the claimant the amount of the smaller fee); *Watford v. Heckler*, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985). Such offset may be achieved by counsel's payment to the claimant of the amount of the EAJA award or by a reduction of the Section 406(b) fee request in the amount of the EAJA fee award. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010). Here, Attorney Steinberg requests that he be directed to refund to Plaintiff the amount of the EAJA award. (Doc. 31 at 8).